In re:                                                    Case No. 13-05349-JJT
David Michael Morton                                      Chapter 13
Karol Elaine Morton
      Debtors

## CERTIFICATE OF NOTICE

District/off: 0314-5        User: CKovach        Page 1 of 1              Date Rcvd: Nov 13, 2017
                           Form ID: pdf010       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2017.
             +Family Dollar,    Attn Payroll Administrator,    PO Box 1017,    Charlotte, NC 28201-1017

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2017                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 13, 2017 at the address(es) listed below:
             Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
             ECMC    aamarteifio@ecmc.org
             James Warmbrodt   on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com
             Jason J Mazzei   on behalf of Debtor 1 David Michael Morton mazzeiecf@debt-be-gone.com,
             donotemail.mazzeiecfbackuponly@gmail.com
             Jason J Mazzei   on behalf of Debtor 2 Karol Elaine Morton mazzeiecf@debt-be-gone.com,
             donotemail.mazzeiecfbackuponly@gmail.com
             Jeremy Michael Bolles   on behalf of Debtor 2 Karol Elaine Morton lawoffice.jmbolles@gmail.com,
             jmbolles@gmail.com
             Jeremy Michael Bolles    on behalf of Debtor 1 David Michael Morton lawoffice.jmbolles@gmail.com,
             jmbolles@gmail.com
             John Fisher   on behalf of Creditor   Franklin Security Bank johnvfisher@yahoo.com,
             fisherlawoffice@yahoo.com
             Joshua I Goldman   on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com,
             bkgroup@kmllawgroup.com
             Paul W McElrath, Jr.   on behalf of Debtor 2 Karol Elaine Morton ecf@mcelrathlaw.com,
             donotemail.ecfbackuponly@gmail.com
             Paul W McElrath, Jr.   on behalf of Debtor 1 David Michael Morton ecf@mcelrathlaw.com,
             donotemail.ecfbackuponly@gmail.com
             Thomas I Puleo   on behalf of Creditor    MidFirst Bank tpuleo@kmllawgroup.com,
             bkgroup@kmllawgroup.com
             United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                             TOTAL: 13

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Case No. 5:13-bk-05349-JJT |
| **David M. Morton and** | : | |
| **Karol E. Morton** | : | **Chapter 13** |
| **Debtors** | : | |
| | : | |
| **Karol E. Morton,** | : | |
| **Movant** | : | |
| | : | |
| **vs.** | : | |
| | : | **Related to Docket No.** |
| **Family Dollar** | : | |
| **PO Box 1017** | : | |
| **Charlotte, NC 28201** | : | |
| **Attention:  Payroll Administrator,** | : | |
| **Respondent** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Charles J. DeHart, III, Esquire,** | : | |
| **Chapter 13 Trustee,** | : | |
| | : | |
| **Social Security No. xxx-xx-5680.** | : | |

## ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT

Upon representation of the above-named Debtor, having filed a Chapter 13 petition and having moved to attach wages to fund the Chapter 13 Plan

IT IS HEREBY ORDERED that until further order of this Court, the entity from which the Debtor receives income:

> FAMILY DOLLAR
> PO BOX 1017
> CHARLOTTE, NC  28201
> ATTENTION:  PAYROLL ADMINISTRATOR

Shall deduct from said income the sum of Two Hundred Ninety Five Dollars ($295.00) weekly (each pay period), beginning on the next pay day following receipt of this order and deduct a similar amount each pay period thereafter, including any period for which the debtor receives a periodic or lump sum payment as a result  of vacation, termination or other benefits arising out of present or past employment, or from any other benefits payable to the debtor, and shall remit the deducted sums ON AT LEAST A MONTHLY BASIS to:

CHARLES J. DEHART, III, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 7005
LANCASTER, PA  17604

IT IS FURTHER ORDERED that the above-named entity shall notify the Debtor's attorney, Paul W. McElrath, Esquire, Professional Office Building, 432 Boulevard of the Allies, Pittsburgh, PA  15219, (412) 765-3606, if the debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all remaining income of the debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to the debtor in accordance with usual payment procedures.

IT IS FURTHER ORDERED THAT NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION OR OTHER PURPOSE NOT SPECIFICALLY AUTHORIZED BY THIS COURT BE MADE FROM THE INCOME OF DEBTOR WITH THE EXCEPTION OF ANY SUPPORT PAYMENTS.

IT IS FURTHER ORDERED that this order supersedes previous orders made to the above-named entity in this case.

IT IS FURTHER ORDERED that the above-named entity shall not charge any fee to the debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.

IT IS FURTHER ORDERED that the debtor(s) shall remain responsible for timely making all monthly plan payments to the Chapter 13 Trustee, either in whole or in part, until such time as the automatic paycheck withdrawals by the employer or other automatic attachments such as automatic bank transfers or welfare checks begin.  The first Plan payment is due within thirty (30) days after the Chapter 13 Plan has been filed.  Any failure to timely remit full Plan payments to the Trustee may result in the dismissal of the case after notice and hearing.  Employers and others who fail to withhold funds and pay them over to the Trustee as ordered herein may be subject to sanctions including damages to debtor and this estate.

Dated: November 9, 2017

By the Court,

John J. Thomas, Bankruptcy Judge
(RPR)